## N. W. BENEVOLENT AND MUTUAL AID ASSOCIATION
### v.
### JOHN W. PRIM.

1. AFFIDAVIT FOR CONTINUANCE.—An affidavit for continuance must show reasonable diligence in every direction wherein it is claimed the party is unprepared for trial. It is addressed to the discretion of the trial court whose action in refusing the application can not be assigned for error unless it is apparent that such discretion has been abused.

2. SAME—COUNSEL ENGAGED IN ANOTHER SUIT.—The affidavit stating that counsel's presence was necessary in the trial of the suit inasmuch as he alone thoroughly understood the facts of the case, and that he would be engaged in the trial of another suit at that time, was not sufficient to warrant a continuance.

APPEAL from the Circuit Court of Logan county; the Hon. C. EPLER, Judge, presiding. Opinion filed February 25, 1886.

Messrs. McNULTA & WELDON and Mr. HAMILTON SPENCER, for appellant.

Messrs. BLINN & HOBLIT and Mr. JOHN L. BEVANS, for appellee.

CONGER, J. This was an action brought by appellee upon an insurance policy issued upon the life of his wife, Laura L. Prim, and judgment recovered for $3,000.

Appellant has brought the record to this court, and urges as ground for reversal the action of the court below in overruling its motion for a continuance.

The declaration was filed on the 25th day of June, 1885, to the September term, 1885, of the Circuit Court of Logan county, and on the 29th day of June, 1885, the appellant, by its attorney, entered its appearance to the suit. The September term, 1885, of the Circuit Court of Logan county began on the 21st day of that month. Appellant's pleas to the action were filed on the 23d, and on that day a motion by appellant was made for a continuance until the next term, based upon the affidavits of John McNulta and Dr. S. H. Lambert.

These affidavits are too long to incorporate entire in this opinion, and we therefore copy the abridgment of them as found in appellant's brief, believing it gives the substance of both:

" John McNulta's affidavit states that he is one of the attorneys for the defendant, and has principal charge of the case in conducting the pleading, taking testimony and getting ready for trial, and is more familiar with the facts than any of his associate counsel; that the McLean County Circuit Court was in session on the 23d of September, on which day an important trial in which he was counsel was set for trial, which was expected to take two days or more, and that his presence in the trial in McLean was necessary; that Mr. Spencer is associate counsel in each of said cases in McLean and Logan, and that his presence at the trial of each of them was necessary to the protection of the interests of their client; that by reason of those engagements neither Mr. Spencer nor affiant could attend at Lincoln on Friday, the 25th of September, and that no other counsel could be advised of the fact, so as to intelligently conduct the trial before the day on which it was set."

There was also presented at the same time the affidavit of S. H. Lambert, commencing on page 41 of the record, stating that he is the adjuster of the defendant, charged with the preparation for the trial of causes against it ; that the defendant is not ready, and can not safely go into the trial at the then present term of the court for the reason that an agreement and understanding between Mr. McNulta, defendant's attorney, and J. L. Bevan, plaintiff's attorney, that all evidence should be taken before a stenographer and used upon the trial, had been made, and that testimony under that agreement had been taken at Atlanta on the 26th day of June, 1885, when twelve witnesses named were examined, and he then proceeded to Pickneyville, Ill., to take the testimony of witnesses there; that the plaintiff's attorney then notified defendant's attorney that he would not take further evidence in the case until the issues in the case were joined; that the collection of evidence was then suspended, and that by reason of that agreement witnesses on the part of defendant were not subpœnaed, the defendant relying upon the agreement to proceed in taking evidence before a stenographer after the issues were joined; that but for the agreement he would have caused subpœnas to be issued for the witnesses named in time to procure their attendance at the present term of the court.

The affidavit then goes on, commencing on page 45 of the record, to state the names and residences of seven witnesses, all residing in the southern part of the State, by whom facts are set out in detail as to each witness, as were expected to be proved, which facts were pertinent to the issues, and if established would make a perfect defense to the action. The affidavit also shows that two physicians, one resident at Atlanta, Ga., and the other a resident of Florida, treated Mrs. Prim before her application, and would testify that she was then suffering with incipient consumption.

This motion for continuance the court overruled, but on its own motion continued the case until the 29th day of September, 1885.

It is unnecessary to cite authorities upon the requirements of an affidavit sufficient to warrant a continuance, or the duties

of a court when presented, for these questions have been passed upon by the Supreme Court so frequently as to become elementary.

Such an affidavit must show reasonable diligence in every direction wherein it is claimed the party is unprepared for trial, and is addressed to the discretion of the trial court, whose action in refusing the application can not be assigned for error unless it is apparent that such discretion has been abused.

The first point relied upon for a continuance was that Mr. McNulta had principal charge of the case, that no other counsel could be advised of the facts involved, so as to intelligently conduct the trial before the day on which it was set, and that his presence was necessary at the same time at a trial in McLean county.

It is sufficient to say upon this point, that the courtesies existing between members of the bar, and recognized by trial courts, will usually in such cases enable counsel to postpone a cause for a few days in one of the courts so as to enable him to be present at both trials. But this is purely a matter of grace and not of law. The rights of litigants in one court are not to be determined by the condition of the docket in another, nor because an opposing counsel has assumed duties in different courts which may conflict. Why should appellee be denied a speedy trial of his cause, that a delay, which might be of great injury to him, would enable his opponent's counsel to carry on a more extensive and lucrative practice; or, upon what theory could a court organized to administer justice speedily and impartially, be justified in aiding such a scheme by granting a continuance for such a cause?

It was the duty of appellant and its counsel to know whether he could be present and try the cause, and if his duties elsewhere would prevent his taking charge of the trial, other counsel should have been employed in time to prepare for the trial. Its failure to do so was negligence, the consequences of which, the court below properly held, ought not to be borne by appellee.

In what we have said we do not mean any application to

cases of sickness, or other unavoidable accident, arising at such a late day as to make a continuance both just and necessary.

In this case the court, while properly, as we think, overruling the motion for a continuance for the term, exercised its discretion by postponing the trial to the 20th of the same month, which was more than appellant could rightfully have demanded, and all it could reasonably have expected. The affidavit of Dr. Lambert shows no diligence on the part of appellant.

He was notified on the 26th of June or very shortly afterward by appellee's attorney, that he would not proceed under the agreement to take testimony until after the issues in the case were made up.

From that time until the time for trial was three months, ample time, as it appears to us, to have had all the absent witnesses, resident in the State, subpœnaed.

There is no pretense that the agreement went to the extent that if such evidence should not be taken that appellee would not demand a trial at the September term of the court. The agreement as set out in the affidavit is in the following words: " That all evidence required by either party might be taken before a stenographer, and if afterward required, written up from the notes taken by such stenographer, omitting the signatures of all witnesses, and used upon the trial of this cause, as if such depositions had been taken in the manner prescribed by law, and giving to the officers of the defendant an opportunity to pass upon the merits of the claim, so that if it were believed to be a just and meritorious one, that it might be paid without any trial before the court."

If appellant had never been notified by appellee that he would not proceed under this arrangement until after the issues were formed, it would present a very different case; but having three months' notice, appellant should have filed its pleas, sought to have the issues completed in time to take the needed evidence under the agreement, or prepared for trial by using the process of the law to procure its witnesses.

As to the two physicians in Georgia and Florida, the affidavit is silent as to what effort, if any, had ever been made to ascertain their residence.

The doctor says he only learned of their names and the evidence they would give within the last week. But what efforts he had made, if any, to ascertain these facts before that, he does not say

We think neither of these affidavits show such diligence as to require the court to grant a continuance.

As to the second application for a continuance, made upon the 28th of September, the affidavits then filed were substantially the same, except that the business difficulties and complications surrounding appellant's counsel seem to have increased and we do not wish to add to what we have already said upon that point.

It was a second application for a continuance at the same term, based upon substantially the same state of facts, and hence was properly refused. Stockley, adm'r, v. Goodwin, 78 Ill. 127.

The judgment will be affirmed.

Affirmed.